UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANE WESLEY EDWARDS,

Plaintiff,

v.

BUREAU OF PRISONS,

Defendant.

Case No. C07-5033 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
May 11, 2007**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Prior to service of Plaintiff's Complaint, in which he purports to sue the Bureau of Prisons pursuant to 42 U.S.C. § 1983, the undersigned ordered Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim. (Dkt. # 5). Plaintiff has failed to respond to this Court's Order. The undersigned recommends that this action be dismissed with prejudice.

## I. DISCUSSION

On February 22, 2007, Plaintiff was granted leave to proceed *in forma pauperis* (Dkt. # 3), and the Clerk filed Plaintiff's Complaint. (Dkt. # 4). The Court reviewed Plaintiff's Complaint prior to service and found it to be insufficient because it did not allege facts sufficient to state a claim

REPORT AND RECOMMENDATION - 1

under 42 U.S.C. § 1983. (Dkt. # 5). In his Complaint, Plaintiff names only the Bureau of Prisons and alleges generally that prison guards and inmates have and continue to physically and mentally assault him. (Dkt. # 4).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, state agencies, such as the "Bureau of Prisons", are not "persons" within the meaning of 42 U.S.C. § 1983, and therefore they are not amenable to suit under that statute. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1725 (S. Ct. 1725 (2005) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. at 70).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff was advised that to properly state a claim under Section 1983, he must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff was advised that his Complaint must include factual allegations describing how each individually named Defendant caused or personally participated in causing him the harm that he claims he suffered. (*Id*.) (citing *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

REPORT AND RECOMMENDATION - 2

## II. CONCLUSION

Plaintiff was ordered to show cause why this action should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. (Dkt. # 5). Plaintiff has not complied with the Court's order nor has he sought an extension of the deadline. The Court recommends the action be **DISMISSED WITH PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 11, 2007**, as noted in the caption.

DATED this 12th day of April, 2007.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3